UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOSE HERNANDEZ,

              Petitioner,

  -against-                   **MEMORANDUM AND ORDER**
                                Case No. 01-CV-2240 (FB)

CHARLES GREINER,

              Respondent.
-------------------------------------------------------

*Appearances*:
*For the Plaintiff*:
Jose Hernandez, *pro se*
#96A1214
Green Haven Correctional Facility
Drawer B, Route 216
Stormville, NY 12582

**BLOCK, Senior District Judge:**

        On March 1, 2004, the Court entered judgment denying José Hernandez's petition for a writ of *habeas corpus*. *See Hernandez v. Greiner*, 305 F. Supp. 2d 216 (E.D.N.Y. 2004). The Second Circuit affirmed. *See Hernandez v. Greiner*, 414 F.3d 266 (2d Cir. 2005). Hernandez now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). He argues that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), renders the denial of his petition erroneous.

        Hernandez's petition was denied because his counsel had procedurally defaulted the claims he wished to raise on *habeas* by failing to perfect an appeal to the New York Court of Appeals after that court had agreed to take the appeal. *See Hernandez*, 305 F. Supp. 2d at 220. Although Hernandez argued that the default resulted from the

ineffective assistance of counsel, the Court concluded that "there can be no federal *habeas* review of ineffective assistance of counsel claims in the absence of a constitutional entitlement to counsel." *Id.* at 223 (citing *Wainwright v. Torna*, 455 U.S. 586 (1982)). Recognizing some uncertainty as to whether the right to counsel attaches once a state's highest court exercises its discretion to take an appeal, the Court denied the petition but issued a certificate of appealability. The Second Circuit declined to resolve the uncertainty, instead holding that a right to the effective assistance of counsel to those in Hernandez's situation would be a "new rule" and, therefore, inapplicable on *habeas* review. *See Hernandez*, 414 F.3d at 270 (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)).

A fundamental premise of both this Court's decision and the Second Circuit's decision is that attorney error does not constitute cause for relief from a procedural default unless it amounts to ineffective assistance under the Sixth Amendment. That premise was reaffirmed in *Coleman v. Thompson*, 501 U.S. 722 (1991):

> Attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. Attorney error that constitutes ineffective assistance of counsel is cause, however.

*Id.* at 753-54 (citations and internal quotation marks omitted).

In *Martinez*, the Supreme Court addressed the situation—common in both state and federal practice—in which a claim of error cannot be raised on direct appeal, but only in a subsequent collateral proceeding. It "qualifie[d] *Coleman* by recognizing a narrow exception" for those circumstances, which it termed "initial-review collateral proceedings."

132 S. Ct. at 1315. Specifically, it held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim [raised in a federal *habeas* petition]." *Id.*

The claims Hernandez pursued on *habeas* were alleged violations of *Batson v. Kentucky*, 476 U.S. 79 (1986), and *Doyle v. Ohio*, 426 U.S. 610 (1976). Those claims can be—and, indeed, were—raised on direct appeal. Therefore, they are not within *Martinez*'s exception for claims that can be raised only in collateral proceedings. Accordingly, Hernandez's motion for relief from judgment based on *Martinez* is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 19, 2012

3